UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

IVOCLAR VIVADENT AG,

                     Plaintiff,

          v.                              Civil No.  _____

SAGEMAX BIOCERAMICS, INC.,

                     Defendant.

———————————————————————

## **COMPLAINT**

        Ivoclar Vivadent AG ("Ivoclar"), for its Complaint against Sagemax Bioceramics, Inc. ("Bioceramics"), alleges as follows:

### **The Parties**

        1.        Ivoclar is a Liechtenstein company with a principal place of business at Bendererstrasse 2, 9494 Schaan, Liechtenstein.  It is a leading developer and supplier of dental products around the world.  Ivoclar's subsidiary, Ivoclar Vivadent, Inc., has a principal place of business at 175 Pineview Drive, Amherst, NY 14228, which is within this judicial district.

        2.        Sagemax is a Washington corporation with a principal place of business at 34210 9th Ave South, Suite 118, Federal Way, Washington 98003.  Sagemax manufactures and sells dental products for distribution throughout the United States, including New York.

**Jurisdiction and Venue**

3.　　This is a patent infringement action brought under the patent laws of the United States, 35 U.S.C. Section 101, *et seq*., including 35 U.S.C. Section 271.

4.　　Ivoclar seeks damages for patent infringement and an injunction preventing Sagemax from making, using, selling, or offering to sell, and from inducing others to make, use, sell, or offer to sell, Ivoclar's patented technology without Ivoclar's permission.

5.　　This Court has subject matter jurisdiction under 28 U.S.C. Sections 1331 and 1338(a).

6.　　This Court has personal jurisdiction over Sagemax because Sagemax regularly does and solicits business in New York and in this judicial district. Sagemax has sold and/or offered to sell products that infringe the patents-in-suit, as alleged below, in New York and in this judicial district. Sagemax also manages and controls an interactive website that enables customers, including those residing in New York and in this judicial district, to purchase infringing products online.

7.　　Venue in this district is proper under 28 U.S.C. Sections 1400 and 1391 because Sagemax resides in this district and is subject to personal jurisdiction in this district. Sagemax has committed acts of infringement in this district.

**First Claim for Patent Infringement**
**(Infringement of the '759 Patent)**

8.      Ivoclar repeats and realleges the allegations set forth in paragraphs 1 through 7.

9.      U.S. Patent No. 7,604,759, entitled "Process for Producing Dental Prostheses" (the "'759 Patent"), issued on October 20, 2009.  Ivoclar is the owner by assignment of all right, title, and interest in the '759 Patent.  A copy of the '759 Patent is attached as **Exhibit 1**.

10.      The '759 Patent discloses and claims, among other things, a blank for producing dental prostheses and a process for producing a blank for producing dental prostheses.

11.      Sagemax has infringed and continues to infringe the '759 Patent by making, using, selling, and/or offering for sale, in this district and elsewhere, blanks for producing dental prostheses, including but not limited to, Sagemax's "NexxZr" zirconia disc product line, and by practicing a method used to create blanks for producing dental prostheses.

12.      Ivoclar informed Sagemax that Sagemax's products and processes infringe the '759 Patent.  With knowledge of the '759 Patent, and after receiving Ivoclar's admonitions regarding infringement, Sagemax continued to infringe the '759 Patent.

13.      Sagemax's actions in infringing the '759 Patent have been, and continue to be, willful, deliberate, and/or in conscious disregard of the rights of Ivoclar,

making this an exceptional case within the meaning of 35 U.S.C. Section 285.

14.    As a result of Sagemax's infringing activities, Ivoclar has sustained damages in an amount to be proven at trial.

15.    Sagemax will continue its infringing activities unless and until it is restrained and enjoined by this Court.

16.    Sagemax's infringing activities have caused, and will continue to cause, Ivoclar irreparable harm for which there is no adequate remedy at law.

**Second Claim for Patent Infringement**
**(Inducing Infringement of the '759 Patent)**

17.    Ivoclar repeats and realleges the allegations set forth in paragraphs 1 through 16.

18.    Sagemax provides its infringing products to customers and other users with instructions and other information on how to use the infringing products in an infringing manner.  Sagemax's actions constitute inducement to infringe the '759 Patent whenever its customers or others use Sagemax's products in an infringing manner.

19.    Ivoclar informed Sagemax that its products infringe the '759 Patent.  With knowledge of the '759 Patent, and after receiving Ivoclar's admonitions regarding infringement, Sagemax continued to infringe the '759 Patent, and continued to induce others to infringe the '759 Patent.

20.    Sagemax's actions in infringing the '759 Patent have been, and continue to be, willful, deliberate, and/or in conscious disregard of the rights of Ivoclar,

making this an exceptional case within the meaning of 35 U.S.C. Section 285.

21.     As a result of Sagemax's infringing activities, Ivoclar has sustained damages in an amount to be proven at trial.

22.     Sagemax will continue its infringing activities unless and until it is restrained and enjoined by this Court.

23.     Sagemax's infringing activities have caused, and will continue to cause, Ivoclar irreparable harm for which there is no adequate remedy at law.

## **Jury Demand**

24.     Ivoclar demands trial by jury on all matters triable by jury.

**WHEREFORE**, Ivoclar is entitled to judgment for the following relief:

(1)     Declaring that Sagemax has directly infringed one or more claims of the '759 Patent.

(2)     Declaring that Sagemax has induced others to infringe one or more claims of the '759 Patent.

(3)     Granting an injunction, under 35 U.S.C. Section 283, preliminarily and permanently enjoining Sagemax, its officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with or under or through them, from making, using, selling, and/or offering for sale any systems or products that infringe one or more claims of the '759 Patent, or otherwise directly or indirectly committing further acts of infringement of that Patent.

       (4)     Ordering an accounting for damages arising from Sagemax's acts of infringement.

       (5)     Awarding damages, including treble damages, under 35 U.S.C. Sections 284 and 285, with interest.

       (6)     Finding that Sagemax's infringement is willful, that this is an exceptional case, and awarding reasonable attorneys' fees to Ivoclar under 35 U.S.C. Section 285.

       (7)     Such further relief as this Court deems proper.

Dated:   August 12, 2013

       **HODGSON RUSS LLP**
       *Attorneys for Ivoclar Vivadent AG*

       By:  s/Robert J. Fluskey, Jr.
          Robert J. Fluskey, Jr.
          rfluskey@hodgsonruss.com
       The Guaranty Building
       140 Pearl Street, Suite 100
       Buffalo, New York  14202
       Telephone:  (716) 856-4000

11653581v1